UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 2:19CV77-PPS/JPK ) |
| MUNSTER HOOKAH, INC. and ESRRA SALEH, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before me is the motion of plaintiffs RooR International BV and Sream, Inc. for default judgment against defendant Munster Hookah, Inc. The claims against defendant Esrra Saleh have been dismissed without prejudice for lack of timely service. [DE 8.] Default was entered against defendant Munster Hookah, Inc. on November 13, 2019. [DE 20.]

As a preliminary matter, I address the plaintiffs' frequent misspelling of the corporate defendant's name. Unfortunately, the caption of the complaint identified the defendant as "Munster Hoookah, Inc.," spelled with three "o's." The Clerk followed suit so that the docket of the case reflects that same spelling. The text of the complaint, after an initial misspelling as "Hoookah," thereafter consistently refers to the defendant as "Munster Hookah." The simple misnomer is clear and unmistakable. "Hoookah" is not a word. The business identified in paragraph 7 of the complaint is "Munster Hookah" with its principal place of business at 7950 Calumet Avenue in Munster,

Indiana.  The Indiana Secretary of State's business records show a corporation named "Munster Hookah, Inc." located at that address, which is also the address at which the summons and complaint were served.  [DE 11.]  Although RooR has consistently misspelled the corporate name in its filings since the complaint, the text of the complaint (though not the caption) correctly identifies the defendant as "Munster Hookah."

In a case applying Illinois' misnomer statute, the Seventh Circuit has explained that a misnomer occurs when the intended defendant is served and so has actual notice of the lawsuit, although the process and complaint do not refer to the party by the correct name.  *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996).  What happened here could be called a "mini-misnomer" in that a rather obvious misspelling occurred in the caption of the complaint, but not the body.  There can be no real or reasonable confusion about the party named in the lawsuit.  In such circumstances, the Seventh Circuit has sometimes just addressed the error by using the corrected names of the defendants.  *See, e.g., Vinson v. Vermilion County, Illinois*, 776 F.3d 924, 925 n.1 (7th Cir. 2015); *West v. Millen*, 79 Fed.Appx. 190, **1 n.1 (7th Cir. 2003). Where the proper defendant is already before the court and the effect of an amendment is merely to correct the name, no "relation back" issue arises. *Eison v. McCoy*, 146 F.3d 468, 471-72 (7th Cir. 1998); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993).  Because the correct spelling of the defendant's name is obvious from the body of the complaint, and because the correct party was served, I will direct the Clerk to correct the docket and I

will issue this order and the accompanying default judgment using the correct spelling of "Munster Hookah, Inc."

Returning to the default judgment analysis, my order of November 19 required that a motion for default judgment "provide a legal analysis addressing why and how the well-pled facts deemed admitted by the default are sufficient to support relief on one or more of the legal theories pled in the complaint, specifically identifying the count or counts on which default judgment is sought." [DE 22 at 2.] Plaintiffs filed a motion for default judgment on the same date that order issued, and have subsequently filed a second motion for default judgment, presumably prepared with a view to the order's requirements. One area in which the motion has been enhanced is the analysis now offered in sufficient detail to support the request for judgment in plaintiffs' favor "on all claims," as sought in the proposed order and judgment. [DE 23-4 at 2.] The analysis now offered is adequate to support default judgment on Count One of the complaint, for trademark infringement in violation of 15 U.S.C. §1114 and the use of "counterfeit" marks as defined in §1116(d)(1)(B), on Count Two, also for trademark counterfeiting under §1116(d), and on Count Three for false designation of origin under §1125(a). The motion sets forth the standards of each claim and addresses how the facts established by the default support liability. [DE 23 at 5-8.]

The November 19 order also required a motion for default judgment to "separately address the relief requested, and demonstrate [plaintiffs'] entitlement to the particular amount of damages and any other relief proposed." [DE 22 at 2.] The

pending motion's treatment of plaintiffs' request for statutory damages and the costs of suit is sufficient, but the motion fails to address the authority for and appropriateness of the proposed injunctive relief. Nonetheless, the proposed injunction against future infringement of the subject RooR marks is relatively straightforward and will be granted. The proposal for an order for delivery of products and other materials to be destroyed, pursuant to 15 U.S.C. §1118, is a horse of a different color. That more unusual relief would require justification that is absent from the motion before me. One glaring issue that warranted discussion is the scope of the proposed judgment requiring delivery of "all products [and] accessories," two categories of items omitted from the statutory list of materials subject to destruction. In any event, the continued offer for sale or promotion of infringing product would violate the injunctive relief that is being granted. The default judgment granted will not contain a provision for destruction of infringing articles pursuant to §1118.

ACCORDINGLY:

The Clerk is directed to correct the docket to reflect the spelling of the corporate defendant as "Munster Hookah, Inc." rather than "Munster Hoookah, Inc." Misspellings of the name in any previous filings are to be deemed corrected by interlineation *nunc pro tunc*.

The amended motion for default judgment against Munster Hookah, Inc. [DE 23] is GRANTED to the extent indicated in the default judgment entered separately this day. In all other respects, the motion is DENIED.

4

The original motion for default judgment [DE 21] is denied as moot.

SO ORDERED.

ENTERED: January 7, 2020.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE